IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ESTECH SYSTEMS IP, LLC, | § § § | |
| Plaintiff, | § § | C.A. No. 2:21-cv-00482-JRG-RSP |
| v. | § § | |
| CARVANA LLC, | § § | |
| Defendant. | § § | |

**<u>DEFENDANT CARVANA LLC'S MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF THE ISSUES.................................................................................... 2

III. LEGAL STANDARD...................................................................................................... 2

IV. ARGUMENT................................................................................................................... 3

    A. Estech Fails to State a Claim for Direct Infringement........................................... 3

    B. Estech's Pre-Suit Inducement, Contributory, and Willful Infringement Should be Dismissed Because Estech Fails to Allege Pre-Suit Knowledge of the Asserted Patents....................................................................................... 8

V. CONCLUSION.............................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Addiction & Detoxification Inst. LLC v. Carpenter*,
    620 F. App'x 934 (Fed. Cir. 2015) .................................................................................. 3

*Apollo Finance, LLC v. Cisco Sys., Inc.*,
    190 F. Supp. 3d 939 (C.D. Cal. 2016) ............................................................................. 6

*Artrip v. Ball Corp.*,
    735 F. App'x 708 (Fed. Cir. 2018) ............................................................................. 3, 4

*Arunachalam v. Apple, Inc.*,
    806 F. App'x 977 (Fed. Cir. 2020) .................................................................................. 4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................................... 2

*Commil USA, LLC v. Cisco Sys., Inc.*,
    575 U.S. 632 (2015) ......................................................................................................... 8

*Estech Sys., Inc. v. Target Corp.*,
    No. 20:cv-00123-JRG-RFP, Dkt. No. 75 (E.D. Tex. Aug. 27, 2020) ............................... 3

*Estech Systems, Inc. v. Howard Midstream Energy Partners*,
    No. 6:20-cv-00777, Dkt. No. 57 (W.D. Tex. Dec. 13, 2021) ........................................... 3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011) ......................................................................................................... 8

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    579 U.S. 93 (2016) ........................................................................................................... 8

*Landmark Tech. LLC v. Aeropostale*,
    No. 6:09 CV 262, 2010 WL 5174954 (E.D. Tex. Mar. 29, 2010) .................................... 4

*Metricolor LLC v. L'Oreal S.A.*,
    791 F. App'x 183 (Fed. Cir. 2019) .................................................................................. 6

*Nonend Inventions, N.V. v. Apple Inc.*,
    No. 2:15-cv-466-JRG-RSP, 2016 WL 1253740 (E.D. Tex. Mar. 11, 2016), *report
    and recommendation adopted*, 2016 WL 1244973 (E.D. Tex. Mar. 30, 2016) .................. 9

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
    No. 18-307-RGA, 2018 WL 5630585 (D. Del. Oct. 31, 2018) ......................................... 4

*Realtime Data, LLC v. Stanley*,
    721 F. Supp. 2d 538 (E.D. Tex. 2010) ............................................................................. 4

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
    No. 5:19-CV-243-H, 2021 WL 3030066 (N.D. Tex. July 2, 2021) .................................... 6

*Uniloc 2017 LLC v. Zenpayroll, Inc.*,
    No. 19-1075-CFC-SRF, 2020 WL 4260616 (D. Del. July 23, 2020) ............................... 6

*USC IP P'ship, LP v. Facebook, Inc.*,
    No. 6:20-CV-00555-ADA, 2021 WL 3134260 (W.D. Tex. July 23, 2021) ...................... 9

*VLSI Tech. LLC v. Intel Corp.*,
    No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ...................................... 10

**Rules**

FED. R. CIV. P. 12(b)(3) ................................................................................................................. 2

FED. R. CIV. P. 12(b)(6) ................................................................................................................. 2

I.      **INTRODUCTION**

Plaintiff Estech Systems IP, LLC ("Estech") is a newly formed corporate shell entity that was created to hide Estech Systems, Inc. from liability in its failing litigation campaign.  Currently, Estech Systems, Inc. (the former owner of the asserted patents) has an active case in the Western District of Texas against Howard Energy Partners, which is a RingCentral customer.  In that case, Estech Systems Inc. dropped two of the four patents that are asserted here, and now – with that case at the end of expert discovery – Estech has asked to *stay that entire litigation* pending resolution of petitions for *inter partes* review filed by RingCentral against one of the asserted patents in *this case*.  *Estech Systems, Inc. v. Howard Midstream Energy Partners*, No. 6:20-cv-00777, Dkt. No. 92 (Pl.'s Opposed Mot. to Stay) (W.D. Tex. Mar. 14, 2022).  But Estech now asserts the same patents in 19 new cases in this Court,[1] which demonstrates nothing more than its forum shopping and attempt to harass as many companies as possible before its patents are extinguished.  And five of these cases involve additional RingCentral customers.  If Estech believes a stay of its litigation in the Western District of Texas, which is directed to the same RingCentral services accused here is warranted, even though that case is through expert discovery, then there is no reason why it should be permitted to litigate new cases against the same products and services and effectively start over in an attempt to correct its numerous failings in the other case.

But Estech's failings from its Western District case repeat themselves here.  And because of that, its Complaint should be dismissed for failure to state a claim.

---

[1] Estech filed this action for alleged patent infringement against Defendant Carvana LLC ("Carvana").  Dkt. No. 1 ("Compl.").  Estech's complaint broadly alleges infringement of U.S. Patent Nos. 8,391,298 (the "'298 patent"), 7,068,684 (the "'684 patent"), 6,067,349 (the "'349 patent"), and 7,123,699 (the "'699 patent") (collectively, the "asserted patents").  *Id.*

First, Estech fails to allege facts sufficient to plead a plausible claim of direct infringement. Estech's complaint is a copy-and-paste job from its other 18 complaints filed in the same month. The Complaint does not even identify the accused instrumentalities at all and does not set forth how the accused instrumentalities allegedly infringe the asserted patents beyond parroting the claim language. This is not the first time that Estech has filed a complaint for patent infringement with no pre-suit investigation and no reasonable basis to allege infringement.

Second, Estech fails to allege facts sufficient to plead plausible claims of pre-filing indirect and willful infringement, because Estech does not plausibly allege pre-suit knowledge of the asserted patents. Accordingly, Estech moves to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(3) and 12(b)(6).

## II.  STATEMENT OF THE ISSUES

Estech's direct infringement claims should be dismissed because the complaint does not adequately identify the accused instrumentalities and does not put Carvana on notice as to what acts allegedly infringe the asserted patents.

Estech's pre-filing indirect and willful infringement claims should be dismissed because Estech does not plausibly allege pre-suit knowledge of the asserted patents.

## III.  LEGAL STANDARD

A motion to dismiss should be granted if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). To meet the plausibility standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Merely pleading facts that are consistent with liability or stating legal conclusions is not sufficient. *Id.* In patent litigation, "*Twombly* and *Iqbal* require that a complaint for patent infringement contain sufficient factual allegations such that a reasonable

2

court could, assuming the allegations were true, conclude that the defendant infringed." *Addiction & Detoxification Inst. LLC v. Carpenter*, 620 F. App'x 934, 936 (Fed. Cir. 2015).

## IV.  ARGUMENT

### A.  Estech Fails to State a Claim for Direct Infringement

Estech fails to meet the plausibility standard for its direct infringement claims because the complaint does not adequately describe the accused products or how the accused products were used to infringe each element of the asserted claims. Nor could it as Estech likely has no idea what products or services have actually been used by Carvana. And this is part of a pattern of guesswork and baseless allegations made by Estech with respect to the Asserted Patents. In pending litigation in the Western District of Texas, public filings demonstrate that Estech's corporate designee testified that Estech did not conduct any pre-suit investigation, did not even know what VoIP services the defendant used, but simply filed suit assuming it used some type of phone service. *Estech Systems, Inc. v. Howard Midstream Energy Partners*, Dkt. No. 57 (Def.'s Opp'n to Pl.'s Mot. to Substitute Parties) (W.D. Tex. Dec. 13, 2021) at 2 ("It also became clear in Estech's corporate depositions that it conducted no pre-suit investigation into [the defendant], [the defendant's] use of VoIP services, or whether any actions of [the defendant] infringed any of the Asserted Patents. . . . Indeed, at the time Estech filed its Complaint, it did not know whether [the defendant] even used VoIP services, yet it accused [the defendant] of infringement anyway."). Estech did the same here. These additional facts were not present to this Court when defendants filed motions to dismiss Estech's previous complaints. *See Estech Sys., Inc. v. Target Corp.*, No. 20:cv-00123-JRG-RFP, Dkt. No. 75 (R. & R. re Mot. to Dismiss) (E.D. Tex. Aug. 27, 2020).

Case law requires a plaintiff to adequately describe the accused products or infringing acts in its complaint. *See Artrip v. Ball Corp.*, 735 F. App'x 708, 714-15 (Fed. Cir. 2018) (holding that it was insufficient to allege that the defendant infringed the asserted patents by "use of one or more

3

of the machines" at certain plants); *Arunachalam v. Apple, Inc.*, 806 F. App'x 977, 981 (Fed. Cir. 2020) (nonprecedential) ("[T]he Complaint never identified even a single specific app, nor did it specifically allege how such an app (or platform) actually infringes [the asserted patent]. Such overly broad allegations are insufficient to survive a motion to dismiss."); *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 543 (E.D. Tex. 2010) (holding that the direct infringement claims did not "specifically identify any accused products or services" and only provided "vague identification" of "data compression products and/or services"); *Landmark Tech. LLC v. Aeropostale*, No. 6:09 CV 262, 2010 WL 5174954, at *1-4 (E.D. Tex. Mar. 29, 2010) (granting the motion to dismiss when the patentee merely identified the accused products as "electronic commerce systems").

Here, like the plaintiffs in *Artrip*, *Arunachalam*, *Realtime Data*, and *Landmark Tech.*, Estech did not provide adequate description of the accused instrumentalities or any alleged acts that could have infringed the asserted method claims. Indeed, Estech's complaint fails to identify any accused product at all. The complaint merely states that the accused instrumentalities are "VoIP telephone systems and networking equipment" that "provide VoIP-based voice calling and data-networking services to VoIP telephony devices." Compl. ¶¶ 24-25. This vague identification potentially encompasses a very wide range of devices – telephones, mobile phones, computers, routers, servers, among other things, and the defendant is at a loss as to what is included in this identification and what is not.

The rest of the "descriptions" of the accused instrumentalities merely parrot the claim language. *See Promos Techs., Inc. v. Samsung Elecs. Co.*, No. 18-307-RGA, 2018 WL 5630585, at *4 (D. Del. Oct. 31, 2018) ("Where an accused infringing product is not identified by name, the plaintiff must allege how the accused infringing class of products infringe the asserted patents.

4

The plaintiff must go beyond 'merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element' to assert a plausible claim for infringement."). For example, for the '298 patent, the complaint merely alleges that the accused instrumentalities:

- "use first, second, and third LANs that are coupled with a WAN" (parroting the claim language "a first local area network ('LAN'); a second LAN; a wide area network ('WAN') coupling the first LAN to the second LAN; a third LAN coupled to the first and second LANs via the WAN");

- "include VoIP telephony devices connected to LANs, the VoIP telephony devices having telecommunications extensions associated therewith, the telecommunications extensions being coupled to the second and third LANs" (parroting the claim language "a first telecommunications device coupled to the first LAN; a plurality of telecommunications extensions coupled to the second LAN; … a plurality of telecommunications extensions coupled to the third LAN");

- "include circuitry (i) enabling users of VoIP telephony devices to observe a list of telecommunications extensions; (ii) to automatically call one of the telecommunications extensions in response to a user selecting one of the telecommunications extensions from the list; and (iii) enabling the use [sic] to select between observing the list of telecommunications extensions coupled to the second LAN or the third LAN" (parroting the claim language "first circuitry for enabling a user of the first telecommunications device to observe a list of the plurality of telecommunications extensions; … second circuitry for automatically calling one of the plurality of telecommunications extensions in response to the user selecting one of the plurality of telecommunications extensions from the observed list …; … circuitry for enabling the user to select between observing the list of the plurality of telecommunications extensions coupled to the second LAN or observing a list of the plurality of telecommunications extensions coupled to the third LAN");

- "include servers in the second LAN that store telecommunications extensions accessed across the WAN" (parroting the claim language "wherein the list of the plurality of telecommunications extensions is stored in a server in the second LAN").

Compl. ¶¶ 26-29; *see also id.* ¶¶ 48-50, 69-71. Therefore, because a very broad range of products are accused, and the only description of the accused products is drawn from the claim language,

Estech's complaint fails to put Carvana on notice of what actions or products serve as the basis for Estech's claims.

Moreover, the complaint fails to set forth how the accused instrumentalities infringe the asserted patents. The Federal Circuit held that a plaintiff fails to sufficiently plead a claim of patent infringement when "nothing in the complaint shows that the Accused Products contain" a limitation required by the asserted independent claims. *Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019). Furthermore, merely parroting the claim language and concluding that the defendant infringes, "without showing how [the defendant] plausibly infringes," is insufficient. *Uniloc 2017 LLC v. Zenpayroll, Inc*., No. 19-1075-CFC-SRF, 2020 WL 4260616, at *4 (D. Del. July 23, 2020); *see also Soar Tools, LLC v. Mesquite Oil Tools, Inc*., No. 5:19-CV-243-H, 2021 WL 3030066, at *6 (N.D. Tex. July 2, 2021) (noting that district courts have "conclude[d] consistently that patent owners fail to adequately plead infringement where their pleadings include only general allegations restating a claim limitation and claiming that the defendant meets that limitation"); *Apollo Finance, LLC v. Cisco Sys., Inc.*, 190 F. Supp. 3d 939, 943 (C.D. Cal. 2016) ("Plaintiff does not state a plausible claim for patent infringement by simply identifying the allegedly infringing products and reciting the elements of a patent infringement claim in a conclusory fashion, absent any factual support.").

Here, Estech's infringement allegations are threadbare. For example, for the '349 patent, which expired almost 5 years ago, the entirety of Estech's allegation is one sentence – "The Accused Instrumentalities include local area networks, VoIP devices such as telephones, and voice mail infrastructure." Compl. ¶ 89. It then concludes that "[b]y doing so, Defendants have directly infringed . . . at least Claim 1 of the '349 patent." *Id*. ¶ 90. Essentially, if this is all it takes to infringe the '349 patent, Estech is alleging that the use of *any* local area networks, VoIP devices,

6

and voice mail infrastructure would infringe the '349 patent. This theory is simply implausible, as local area networks, VoIP devices, and voice mail infrastructure all existed long before the priority date of the '349 patent.

Estech's infringement allegations regarding the other three asserted patents simply repeat the claim language without explaining how the Accused Instrumentalities infringe. For example, for the '298 patent, Estech merely alleges that the accused instrumentalities use "first, second, and third LANs that are coupled with a WAN." Compl. ¶26. Estech does not explain what the first, second, and third LAN and the WAN are in the accused instrumentalities, despite that these are foundational elements of the claim. If Estech has any basis for Carvana's alleged infringing activities, it should have been able to identify the most basic parts – LANs and the WAN – of the accused instrumentalities. Estech's allegations are clearly baseless.

For the '684 patent, Estech's infringement allegations do not explain how the accused instrumentalities perform the "sufficiently throttling" step beyond reciting the claim language, despite that the "sufficiently throttling" step is touted as the "inventive component" in the claim. Compl. ¶44. Similarly, for the '699 patent, Estech's complaint lacks any analysis other than reciting the claim language for the crucial elements of the claim – establishing a channel between the first and second LAN, coupling an audio path over the channel, and streaming voice data containing the voice message over the audio path. Compl. ¶70. This is not surprising, as Estech lacks any basis to claim that Carvana uses any systems or devices that practice the asserted claims.

These threadbare allegations are particularly egregious because this is not Estech's first litigation. Estech has filed more than 40 lawsuits since 2020 against various customers of several VoIP service providers such as Cisco and RingCentral. Through its litigation activities, Estech has gathered a wealth of information as to how various VoIP systems work and had many chances

7

to develop its infringement theories. Yet Estech still is not able to add any specificity to its complaint, and its complaint remains baseless. The lack of specificity in its pleadings shows that this lawsuit lacks basis and merit – something that even a minimal pre-suit investigation would have uncovered.

Therefore, Estech's complaint fails to sufficiently plead direct infringement because it fails to explain both what the accused instrumentalities are and how the unspecified accused instrumentalities allegedly infringe the asserted patents.

### B. Estech's Pre-Suit Inducement, Contributory, and Willful Infringement Should be Dismissed Because Estech Fails to Allege Pre-Suit Knowledge of the Asserted Patents

To allege indirect infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit, or was willfully blind to the existence of the patents-in-suit. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). A showing of willful blindness requires that "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech*, 563 U.S. at 769. Similarly, to allege willful infringement, the plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016).

Here, Estech claims that it is entitled to pre-filing damages. Compl. ¶¶ 32, 53, 74, 97. Estech pleads induced and contributory infringement of the '684, '699, and '298 patents. Compl. ¶¶ 33-34, 54-55, 75-76. Estech also pleads willful infringement of all asserted patents. Compl. ¶¶

8

36-38, 57-59, 78-80, 93-95.  However, Estech fails to plead any facts to show that Carvana had any actual knowledge of the asserted patents either pre-suit or before the '349 or '699 patents expired.  Indeed, Estech only alleges that "Defendant has knowledge of the [asserted patents] at least as of the date when they were notified of the filing of this action."  Compl. ¶¶ 35, 56, 77, 92.  This is on its face legally impossible to allege willful infringement of patents that expired.

Instead of actual knowledge, Estech pleads that "Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Estech's patent rights."  Compl. ¶¶ 36, 57, 78, 93.  Not surprisingly, Estech appears to have made this same allegation, verbatim, in all of the Complaints it has filed.  Even taking this allegation at its face value, which Estech has no support for, this is not sufficient to show that Carvana was willfully blind to Estech's patent rights, because Estech fails to allege that Estech actually requested Carvana to review its patents prior to the litigation, or that Carvana subjectively believed that there was a high probability that the infringing technology was patented.  Courts, including this district, have held that pleading that the defendant has a policy or practice of not reviewing the patents of others is not sufficient to establish willful blindness.  *See, e.g.*, *Nonend Inventions, N.V. v. Apple Inc.*, No. 2:15-cv-466-JRG-RSP, 2016 WL 1253740, at *3 (E.D. Tex. Mar. 11, 2016), *report and recommendation adopted*, 2016 WL 1244973 (E.D. Tex. Mar. 30, 2016) ("Furthermore, the Court finds Motorola's policy of asking its employees to ignore patents and patent applications does not per-se constitute 'willful blindness.'  The Court finds that more must be alleged to show a policy of ignoring patents caused an alleged infringer's actions to 'surpass recklessness and negligence' and rise to the level of 'willful blindness.'"); *see also USC IP P'ship, LP v. Facebook, Inc.*, No. 6:20-CV-00555-ADA, 2021 WL 3134260, at *2 (W.D. Tex. July 23, 2021) (dismissing pre-suit indirect and willful infringement claims when the

9

plaintiff alleged that "Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others)"); *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (insufficient to establish willful blindness by alleging that the defendant has a "publicly-known corporate policy forbidding its employees from reading patents held by outside companies or individuals").

Therefore, because Estech fails to allege neither actual knowledge nor willful blindness, Estech's pre-suit indirect infringement and willful infringement claims should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss, and dismiss Estech's claims of patent infringement with prejudice.

Dated: March 14, 2022

Respectfully submitted,

*/s/ Christopher Higgins*
Christopher Higgins (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: 903.534.1100
chiggins@orrick.com

Li Shen (admitted *pro hac vice*)
Jing Luo (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: 650.614.7400
lshen@orrick.com
jluo@orrick.com

Eric Hugh Findlay
State Bar No. 00789886
**FINDLAY CRAFT PC**
102 N. College Avenue, Suite 900
Tyler, TX 75702
Telephone: 903.534.1100
efindlay@findlaycraft.com

ATTORNEYS FOR DEFENDANT
CARVANA LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the Court's electronic case filing system, and thus the foregoing document has been electronically served on counsel of record.

*/s/ Christopher Higgins*
Christopher Higgins