IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ESTECH SYSTEMS IP, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CARVANA, LLC,<br><br>　　　　Defendant. | C.A.  2:21-cv-00482-JRG-RSP<br><br>(LEAD CASE) |
| ESTECH SYSTEMS IP, INC.,<br><br>　　　　Plaintiff,<br>　v.<br><br>PUBLIC STORAGE,<br><br>　　　　Defendant. | C.A.  2:21-cv-00483-JRG-RSP<br>(MEMBER CASE)<br>JURY TRIAL DEMANDED |

**PLAINTIFF ESTECH SYSTEMS IP, LLC'S MOTION TO COMPEL**
**<u>DISCOVERY FROM DEFENDANT PUBLIC STORAGE</u>**

Plaintiff Estech Systems IP, LLC ("Estech") respectfully moves the Court for an order compelling Defendant Public Storage to (1) make a complete P.R. 3-4 document production and additional disclosures under the Docket Control Order, and (2) answer Estech's interrogatories. This is one of three motions to compel being filed today by Estech—the common thread among the motions is that each of the defendants is represented by the same attorneys from Orrick, Herrington & Sutcliffe. Although Public Storage's discovery obligations are clear, Public Storage has stonewalled discovery, refusing to provide minimal document production and responsive interrogatory answers. Worse yet, after failing to respond within 14 days to Estech's written statement under Section 9(a) of the Discovery Order, Public Storage's attorneys <u>refused to meet and confer</u> in violation of the Court's Local Rules:

> Estech's generic complaints do not require a meet and confer among counsel. . . . Estech cannot simply send a generic complaint letter (much less one that it has been reusing verbatim for several years now) just to try and force Defendants to waste time on a needless meet and confer.

Ex. 1, 8/18/2018 Email from Public Storage counsel J. Luo. Public Storage's position that the Local Rules and the Discovery Order do not apply to its discovery failure is untenable. Thus, Estech reluctantly requests Court intervention to compel Public Storage to comply with its discovery obligations.

**I.    Relevant Facts**

    **A.    Estech's Case Against Public Storage**

Estech filed the complaint against Public Storage on January 3, 2022, alleging Public Storage's direct, indirect, and willful infringement of four Estech patents:  U.S. Patent Nos. 8,391,298 (the "'298 Patent"), 7,068,684 (the "'684 Patent"), 6,067,349 (the "'349 Patent"), and 7,123,699 (the "'699 Patent") (collectively, the "Asserted Patents"). *See generally* Compl., Dkt.

No. 1.  The patents relate to different Voice over IP (VoIP) telephony features, such as voicemail, directory services, and Quality of Service (QoS).

### B. Estech's Efforts to Obtain Necessary Discovery

On June 8, 2022, Public Storage was required by the Docket Control Order and Discovery Order to "produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action" with its Initial and Additional Disclosures.  *See* Dkt. No. 49 at 5; Dkt. No. 48 at ¶3.  On that day, Public Storage produced <u>two</u> documents, totaling only <u>43 pages</u>.  On June 23, 2022, Estech served its first set of interrogatories.  Those 14 interrogatories asked Public Storage to provide basic information relevant to the case, including identifying its VoIP telephony devices (*i.e.*, make/manufacturer of its phones) and each VoIP telephony service that has provided VoIP functionality to those devices (*i.e.*, voice calling, voicemail, and directory services), including information about Public Storage's number of devices or services used, location of devices and services, functionality of the devices and services, and the date ranges of use of the devices and services.  *See*, *e.g.*, Ex. 2, Public Storage's Responses and Objections to Estech's First Set of Interrogatories, at 4-5 (Interrogatories Nos. 3 & 4).  This is fundamental information that goes to the heart of the case.

On June 29, 2022, Public Storage was required to comply with P.R. 3-4.  On that day, prior art documents were produced on behalf of all consolidated defendants, but those documents did not "show the operation of any aspects or elements of [each] Accused Instrumentality" identified by Estech's infringement contentions.  And Public Storage did not produce any additional documents.  On July 22, 2022, Public Storage served ambiguous and incomplete interrogatory

answers and improperly invoked Federal Rule of Civil Procedure 33(d) in response to most of the 14 interrogatories.  *See, e.g.*, *id.*, at 4-5, 11 (Responses to Interrogatories Nos. 3, 4, 13).

In the face of Public Storage's deficient discovery, Estech requested complete answers.  On August 1, 2022, Estech sent a written statement pursuant to Section 9(a) of the Discovery Order, requesting that Public Storage comply with the Court's orders and rules and produce all relevant documents and complete answers to interrogatories.  In that letter, Estech also requested that Public Storage's counsel provide their availability to meet and confer with lead and local counsel on or before August 8, 2022.  Public Storage did not respond to the written statement within 14 days, as the Discovery Order requires.  Estech followed up with Public Storage on August 17, 2022, suggesting available dates and times for a meet and confer and requesting again that Public Storage's counsel provide their availability for a meet and confer with lead and local counsel.  *See* Ex. 1, 8/17/2022 Email from L. Brigtsen to Public Storage's counsel.  The next day, Public Storage's counsel refused to meet and confer, responding that they would not "waste time on a needless meet and confer" and asserting that Public Storage's production and interrogatory answers are not deficient.  *See id*.

**II.    Argument**

Estech is not seeking exceptional relief through this Motion.  At this point, it is only seeking the bare minimum—initial discovery that should be produced in every patent case.  The documents being withheld are among the most basic categories of discovery documents and are plainly relevant to the litigation.  *See*, *e.g.*, *Virtual Fleet Mgmt. v. Land Air Sea Sys.*, No. 2:16-CV-01108-JRG, 2017 U.S. Dist. LEXIS 231873, at *20 (E.D. Tex. Nov. 29, 2017) (Gilstrap, J.) (granting motion to compel after defendant's disclosures did "not include any design documents that are

relevant to the accused products, any technical information that are relevant to infringement, or any of the financial records that are relevant to damages.").

### A. Public Storage's Deficient Document Production

Under the Local Patent Rules, Public Storage was required to produce "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart" nearly two months ago. *See* P.R. 3-4. To date, Public Storage has produced only two documents, totaling only 43 pages—both of which are RingCentral agreements. Those documents do not describe the operation of any aspect or element of any accused instrumentality and thus fail to comply with P.R. 3-4.

The Court's Discovery Order also requires Public Storage to "produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action." *See* Dkt. No. 48 at ¶3. Public Storage failed to provide those documents with its initial and additional disclosures, which were due more than two months ago on June 8, 2022. Public Storage's initial disclosures cite to categories of relevant documents that it has failed to produce, including documents containing technical or financial information related to the Accused Instrumentalities, documents relating to licensing of the patented technologies, and communications among Estech, Public Storage, and third parties related to the Asserted Patents. It is clear that Public Storage failed to produce numerous other categories including (1) all documentation that describes Public Storage's VoIP network configuration, where and how Public Storage's voicemails and VoIP directory are stored in its VoIP network, the location of Public Storage's VoIP telephony devices, and when its VoIP phones had maintenance support; (2) all

manuals for VoIP phones or VoIP services that Public Storage has used; (3) all non-disclosure agreements between Public Storage and its VoIP service and product providers; (4) all purchase orders and contracts for VoIP phones; (5) all consulting agreements Public Storage has with third parties regarding VoIP services; and (6) all documents provided by Public Storage's suppliers (*e.g.*, RingCentral) related to relevant issues.

Public Storage asserts that "no additional documents have been found after a reasonable search," and thus claims compliance in this case. *See* Ex. 1, 8/18/2018 Email from Public Storage Counsel J. Luo. But Public Storage's duty to produce is not confined to only its own files—it includes requesting documents from its providers. The defendant is "obligated to produce documents within its *control*," and those "obligations are not limited to those documents within the party's physical possession." *Kamatani v. BenQ Corp.*, No. 2:03-CV-437, 2005 U.S. Dist. LEXIS 42762, at *16-17 (E.D. Tex. Oct. 6, 2005) (emphasis in original) ("Control does not require that a party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control for discovery purposes when that party has the right, authority, or practical ability to obtain the documents from a nonparty to the suit.") (emphasis added). Public Storage has not met its burden to explain how its document production thus far satisfies P.R. 3-4 and the Discovery Order, and Public Storage refused to meet and confer about all of this. Estech respectfully requests that the Court compel Public Storage to comply with the Court's orders and rules in full.

### B.    Public Storage's Deficient Interrogatory Answers

Public Storage has also failed to answer Estech's interrogatories fully. Most egregious is Public Storage's improper use of Rule 33(d) for Interrogatories Nos. 12-14. Public Storage's answers do not identify any specific documents or provide any information responsive to the

interrogatories. Instead, Public Storage speculates that responsive documents might exist: "<u>to the extent any responsive documents exist</u>, in accordance with Fed. R. Civ. P. 33(d), information responsive to this interrogatory <u>may be derived</u> or ascertained <u>from documents that Public Storage may produce</u>." *See*, *e.g.*, Ex. 2, at 11 (Response to Interrogatory No. 13). Those "answers" provide no responsive information and are improper. In response to seven other interrogatories, Public Storage also misapplies Rule 33(d) by improperly answering "<u>to the extent any responsive documents exist</u>, in accordance with Fed. R. Civ. P. 33(d), information responsive to this interrogatory may be derived or ascertained from <u>documents that Public Storage will produce</u> or has produced, including <u>PUBLIC_STORAGE-000001-43.</u>" *See*, *e.g.*, *id.*, at 5 (Response to Interrogatory No. 4) (emphasis added). That is a misuse of Rule 33(d) because the records cited do not contain responsive information to provide a complete answer to the interrogatory, and Public Storage improperly cites to documents that it "will produce" instead of specific documents that have been produced or are otherwise available for Estech to obtain the requested information. For example, Interrogatory No. 4 requests specific information about the VoIP Telephony Devices that Public Storage uses, including the number, physical location, and VoIP functionality of each such VoIP Telephony Device, the date range during which each device was used, the number of Connected Network Devices that were or will be coupled with each device, and the VoIP Telephony Service that were or will be used with each device. *See id.*, at 4-5 (Interrogatory No. 4). The cited documents do not provide all information requested, such as the locations, VoIP functionality, or date range of the VoIP devices, the number of Connected Network Devices, and the specific service that each device used or will use. And citing to documents that "Public Storage will produce" is an improper use of Rule 33(d) as the documents are not specifically identified and cannot be reviewed by Estech to obtain the requested information.

Public Storage's answers to Interrogatory Nos. 5 and 6 are also deficient. Those interrogatories request that Public Storage identify five people most knowledgeable about specific topics: "the design, purchase, installation, manufacture, and configuration of the VoIP Telephony Device(s) identified in response to Interrogatory No. 1 and the VoIP Telephony Service(s) identified in response to Interrogatory No. 2" and "training, instructions, and/or use requirements regarding the Accused Instrumentalities that were provided to employees, agents, contractors, or other personnel." *Id.*, at 6 (Interrogatories Nos. 5, 6). In response, Public Storage states that "persons listed in Section I of Public Storage's . . . Initial Disclosures may have knowledge or information relevant to the subject matter of the instant litigation regarding the subject matter area(s) listed for that person." *See*, *e.g.*, *id.* (Response to Interrogatory No. 5). But Public Storage's initial disclosures do not identify any individuals with knowledge of the requested specific topics. Although Public Storage's initial disclosures generally identify two people with "knowledge regarding technical aspects of Public Storage's Accused Instrumentalities" or "knowledge regarding Accused Instrumentalities" (Paul Miller of Public Storage and Dr. Henry Houh, Public Storage's expert witness), Public Storage's interrogatory answers are improperly ambiguous because Estech is unable to determine whether each of these individuals have knowledge on each of the specific topics identified in the interrogatories. Estech requests that the Court order Public Storage to immediately provide complete responsive answers to all of the interrogatories.

Dated: August 29, 2022              Respectfully submitted,

                                    By: */s/ Fred I. Williams*
                                    Fred I. Williams
                                    Texas State Bar No. 00794855
                                    Michael Simons

7

        Texas State Bar No. 24008042
        WILLIAMS SIMONS & LANDIS PLLC
        The Littlefield Building
        601 Congress Ave., Suite 600
        Austin, TX 78701
        Tel: 512-543-1354
        fwilliams@wsltrial.com
        msimons@wsltrial.com

        Todd E. Landis
        State Bar No. 24030226
        WILLIAMS SIMONS & LANDIS PLLC
        2633 McKinney Ave., Suite 130 #366
        Dallas, TX 75204
        Tel: 512-543-1357
        tlandis@wsltrial.com

        John Wittenzellner
        Pennsylvania State Bar No. 308996
        WILLIAMS SIMONS & LANDIS PLLC
        1735 Market Street, Suite A #453
        Philadelphia, PA 19103
        Tel: 512-543-1373
        johnw@wsltrial.com

        *Attorneys for Plaintiff Estech Systems IP, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 29, 2022 the undersigned caused a copy of the foregoing document to be served on all counsel of record, via electronic mail and the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Fred I. Williams*
Fred I. Williams

**CERTIFICATE OF CONFERENCE**

On August 1, 2022, Plaintiff's Counsel sent a letter pursuant to § 9(a) of the Discovery Order, notifying Defendant's counsel that Defendant's production was deficient, and requesting a meet and confer with lead and local counsel.  Defendant's counsel did not respond with a written statement or otherwise within 14 days as required by the Discovery Order.  On August 17, 2022, Plaintiff's counsel sent an email to Defendant's counsel following up on the initial letter, again requesting that Defendant provide availability for a meet and confer with lead and local counsel.  On August 18, Defendant's counsel responded to Plaintiff's email and <u>unreasonably refused to meet and confer</u> in violation of the Local Rules:

> Estech's generic complaints do not require a meet and confer among counsel. . . . Estech cannot simply send a generic complaint letter (much less one that it has been reusing verbatim for several years now) just to try and force Defendants to waste time on a needless meet and confer.

Ex. 1, 8/18/2018 Email from Carvana counsel J. Luo.  A refusal to meet and confer violates both L.R. CV-7(h) and L.R. AT-3 and constitutes bad faith on the part of Defendant's counsel.

*/s/ Fred I. Williams*
Fred I. Williams
