IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ESTECH SYSTEMS IP, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 2:21-cv-0482-JRG-RSP |
| CARVANA LLC, | § § | (Lead Case) |
| *Defendant.* | § § § | |

## MEMORANDUM ORDER

Before the Court, plaintiff Estech Systems IP, LLC moves for leave to serve its first supplemental infringement contentions on defendants Conduent Business Services, LLC, Conduent Business Process Optimization Services, Inc., Conduent BPO Services, LLC, and Conduent Legal & Compliance Solutions, LLC (collectively, "Conduent"). **Dkt. No. 99**. The motion is fully briefed. Dkt. Nos. 110 (response), 120 (reply), and 134 (sur-reply).

### I.   Background

On December 31, 2021, Estech filed suit against Conduent alleging patent infringement of U.S. patents generally directed to voice over internet protocol ("VoIP") telephone systems. Dkt. No. 1. On May 4, 2022, Estech served infringement contentions alleging that Conduent's use of VoIP products and services infringed the patents in suit. On June 23, 2022, Estech served its first set of interrogatories.

Interrogatories Nos. 1, 2, and 4, and responses thereto, are at the heart of the instant motion. The interrogatories read:

> INTERROGATORY NO. 1:
> Identify each VoIP Telephony Device (as defined in Definition No. 13) that was or will be made, created, configured, acquired, put into service, used, offered for sale,

1

>or sold by or for Defendant, within the United States, or imported into the United States by or for Defendant during the Relevant Time Period.
>
>INTERROGATORY NO. 2:
>Identify each VoIP Telephony Service (as defined in Definition No. 12), including identifying any and all third-party service providers of such VoIP Telephony Services, that has provided or will provide VoIP functionality (i.e., voice calling, voicemail, or Directory Services) to Defendant's VoIP Telephony Device(s) identified in response to Interrogatory No. 1 during the Relevant Time Period.
>
>…
>
>INTERROGATORY NO. 4:
>Describe Your VoIP Telephony Devices identified in response to Interrogatory No. 1, including (i) the number of each such VoIP Telephony Device that were or will be made, created, configured, acquired, put into service, used, offered for sale, sold, within the United States, or imported into the United States by or for Defendant; (ii) the physical location(s) where each such VoIP Telephony Devices was or will be made, created, configured, acquired, put into service, used, offered for sale, sold, within the United States, or imported into the United States by or for Defendant; (iii) the date range(s) during which each such VoIP Telephony Device was or will be made, created, configured, acquired, put into service, used, offered for sale, sold, within the United States, or imported into the United States by or for Defendant; (iv) the VoIP functionality (i.e., voice calling, voicemail, or Directory Services) that was or will be used by, accessed by, available to, or for which each such VoIP Telephony Device was configured to use; (v) the number of Connected Network Devices (as defined in Definition No. 15) that were or will be coupled to each such VoIP Telephony Device; and (vi) the VoIP Telephony Service(s) identified in response to Interrogatory No. 2 that were or will be used by, accessed by, available to, or for which each such VoIP Telephony Device was configured to use.

Dkt. No. 99-1 pp 3-4 & 6.

On July 25, 2022, Conduent served its first response. Having found the response deficient, on August 1, 2022, Estech sought supplementation. On August 15, 2022, Conduent produced 14 additional documents, two of which reference VoIP service provider Genesys. On August 18, 2022, the parties met and conferred to discuss remaining discovery issues. On September 1, 2022, Conduent served a first supplemental response to Estech's first set of interrogatories. Dkt. No. 99-6. Estech asserts that "Conduent's [first] supplemental response still did not identify Genesys as a VoIP telephony service provider." Dkt. No. 99 p 3. However, the documents produced on August

2

15, 2022, contained reference to Genesys, *id.* citing Exs. B and C (Dkt. Nos. 99-2 and 99-3), and Conduent's first supplemental response references those documents, Dkt. No. 99-6.

On November 3 and 7, 2022, Estech contacted Conduent to determine whether Conduent would oppose a supplemental infringement contention to include products and services of Genesys. On November 9, 2022, the parties moved to amend the docket control order setting the schedule of deadlines for the case. Dkt. No. 98, granted by Dkt. No. 100. Therein, the parties maintained December 21, 2022, as the deadline to complete fact discovery and file motions to compel discovery, and slightly extended the deadlines to serve expert reports, disclosures for rebuttal experts, and to complete expert discovery. *Id*. On November 10, 2022, Conduent indicated it would oppose Estech's supplemental infringement contentions. On the same day, Estech filed the instant motion.

Estech asserts that the supplemental infringement contentions "add only Estech's infringement theory for the Asserted Patents as it pertains to Conduent's use of Genesys VoIP services." Dkt. No. 99 pp 4-5. Conduent opposes claiming (1) the two and a half month delay from August 15, 2022, when the supplemental response identifying Genesys was served to November 3, 2022, when Estech first informed Conduent of the supplement precludes a finding of good cause to serve the supplement, and (2) the supplement includes products and services not identified in discovery from Genesys, Avaya, and eleven different manufacturers. Exhibits attached to the instant motion highlight the changes Estech made to the original infringement contentions. Dkt Nos. 99-13, 99-14, 99-15, 99-16, and 99-17. Estech's briefs are silent as to the addition of products and services beyond those identified through discovery.

3

## II. Law and Analysis

"Amendments or supplementation of any Infringement Contentions" for reasons unrelated to claim construction "may be made only by order of the Court, which shall be entered only upon a showing of good cause." Local Patent Rule 3-6(b).

The Court considers the following factors: (A) the explanation for the failure to meet the deadline; (B) the importance of the amendment; (C) potential prejudice in allowing the amendment; and (D) the availability of a continuance to cure such prejudice. See, *e.g.*, *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Implicit to the first factor is a showing of diligence. See, *e.g.*, *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *Id*. The undersigned has applied this framework under similar circumstances. See, *e.g.*, *Arigna Tech. Ltd. v. Volkswagen AG*, No. 221-CV-00054-JRG-RSP, 2022 WL 2761288, at *1 (E.D. Tex. Jan. 19, 2022).

### A. Explanation

Estech argues that Conduent's withholding of information during fact discovery prevented Estech from supplementing its infringement contentions. Discovery identifying VoIP provider Genesys was served on August 15, 2022. Over two and a half months later on November 3, 2022, Estech contacted Conduent regarding supplementation. Estech claims it worked diligently to supplement its infringement contentions after August 15, 2022. Dkt. No. 99 pp 5-6. However, Estech failed to describe specific conduct demonstrating any degree of diligence. See, *e.g.*, *Arigna Tech. Ltd. v. Volkswagen AG* No. 2:21-cv-00054-JRG-RSP, 2022 U.S. Dist. LEXIS 126284, at *13-14 (E.D. Tex. Jan. 19, 2022) (court taking note of plaintiff's diligence in serving supplemental infringement contentions and delays encountered).

Conduent argues that Estech is wholly responsible for the delay from August 15, 2022, to November 3, 2022, and that Estech fails to provide any reasoning. Dkt. No. 110 pp 4-5. Further, Conduent argues that because the vast majority of the changes submitted in the supplement are not tied to discovery, Estech could have submitted the supplement anytime before November. *Id*. at pp 5-6.

### B.     Importance

Estech argues that the supplement is important because Conduent used Genesys services during the entire damages period of this case and because expert infringement reports are limited to those theories provided in the infringement contentions. Dkt. No. 99 p 6 (citing *Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 3655302, at *4 (E.D. Tex. Mar. 21, 2016)). Estech further argues that denying supplementation would effectively reward Conduent for failing to initially disclose services and products by Genesys. *Id.*

Conduent argues that the scope of the changes in the supplement are predominantly unrelated to any information disclosed in discovery and thus "contrary" to Estech's claimed purpose to capture only those products and services identified in discovery. Dkt. No. 110 pp 5-6. Conduent then argues that because the products and services are untied to discovery and the supplement is devoid of analysis as to how or even if said products and services are used by Conduent, the supplement is not important because it does not "serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the patent claim," citing *Core Wireless*, 2016 WL 3655302, at *1. Dkt. No. p 6.

### C.     Prejudice

Estech argues that Conduent will not be prejudiced by the entry of the supplement claiming that Conduent's implementation of Genesys operates in substantially the same way as the

5

implementation of Avaya described in the initial infringement contentions. Dkt. No. 99 p 6. Conduent responds that Estech's supplemental contentions provide nothing more than publicly available documents from Genesys pertaining to possible functionalities without detailing how or if Conduent implements those functionalities from Genesys. Dkt. No. 110 pp 6-7.

The Court notes that fact discovery ended December 21, 2022, limiting Conduent's ability (1) to propound requests for information to third parties Avaya, Genesys, and the eleven other manufacturers for information pertaining to the newly included services and products untied to discovery and (2) to confirm or rebut the assumption that its implementation of services and products from Avaya, Genesys, and the eleven other manufacturers are substantially the same.

### D. Continuance

Estech contends that a continuance is not necessary in the absence of prejudice, but available if the Court finds its existence. Estech's case against Conduent is consolidated for pre-trial purposes with six other cases, a *Markman* hearing was held in a consolidated fashion with the other six defendants on December 13, 2022, and the case between Estech and Conduent is scheduled for trial May 15, 2023. Due to the consolidated nature of the case and the timing of the motion, continuance of either the *Markman* hearing, the trial, or any other unexpired deadline is not desirable. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 537 (5th Cir. 2003) ("In view of district judges' 'power to control their dockets by refusing to give ineffective litigants a second chance to develop their case,' *Reliance Ins.* [*Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir.1997)], we conclude that it was within the judge's sound discretion not to grant a continuance.").

**III.    Conclusion**

Having considered the motion and the opposition, it is **ORDERED** that Estech is only granted leave to serve supplemental infringement contentions based upon the supplemental discovery responses by Conduent (as opposed to information derived from other sources, including public sources, independent of the supplemental discovery responses).  Estech is directed to meet and confer with Conduent and to revise and serve contentions so amended within 10 days.  If disputes remain concerning compliance with this Order, counsel shall promptly confer and file a status report to inform the Court of any such disputes.

**SIGNED this 17th day of January, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE