# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ESTECH SYSTEMS IP, LLC,<br>    v.<br>CARVANA, LLC | C.A. No. 2:21-cv-00482-JRG-RSP<br>(Lead Case) |
| ESTECH SYSTEMS IP, LLC,<br>    v.<br>LIBERTY MUTUAL GROUP, INC. | C.A. No. 2:21-cv-00475-JRG-RSP<br>(Member Case) |
| ESTECH SYSTEMS IP, LLC,<br>    v.<br>CONDUENT BUSINESS PROCESS OPTIMIZATION SERVICES, INC., et al. | C.A. No. 2:21-cv-00478-JRG-RSP<br>(Member Case) |

**PLAINTIFF'S *DAUBERT* MOTION TO EXCLUDE ALL OR PORTIONS OF THE EXPERT REPORT AND PROFFERED TESTIMONY OF DEFENDANTS' EXPERT <u>WITNESS, LAUREN R. KINDLER</u>**

# TABLE OF CONTENTS

I.   Introduction ............................................................................................................. 1

II.  Legal Standard ......................................................................................................... 1

III. Argument ................................................................................................................. 2

   A.   Ms. Kindler's opinions on behalf of Liberty Mutual should be excluded because they rely on facts disclosed after the close of fact discovery. ................... 3

        1.   Ms. Kindler's opinion on the number of infringing VoIP lines is based on "a discussion with Mr. Maguire," Liberty Mutual's 30(b)(6) witness. ............................................................................................. 3

        2.   Liberty Mutual failed to provide the late-disclosed information about the number of infringing lines during fact discovery ................................ 5

   B.   Ms. Kindler's opinions on behalf of Conduent should be excluded because they rely on facts disclosed after the close of fact discovery, and her hypothetical negotiation date is wrong. ................................................................ 7

        1.   Ms. Kindler's opinions relying on information disclosed after the close of fact discovery should be excluded. ......................................................... 7

        2.   Ms. Kindler's opinion in its entirety should be excluded because it relies on an erroneous hypothetical negotiation date to calculate a reasonable royalty. .................................................................................. 9

IV.  Conclusion ............................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Cassidian Communications, Inc. v. Microdata GIS et al.*,
   No. 2:12-cv-00162-JRG, 2013 U.S. Dist. LEXIS 200892
   (E.D. Tex., Dec. 3, 2013) (J. Gilstrap) ........................................................................... 2, 7, 9, 11

*CQ, Inc. v. TXU Min. Co., L.P.*,
   565 F.3d 268 (5th Cir. 2009) ................................................................................................... 2

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
   694 F.3d 51 (Fed. Cir. 2012) ................................................................................................ 2, 9

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
   No. 2:17-CV-00651-JRG, 2019 U.S. Dist. LEXIS 65662 (E.D. Tex. Apr. 17, 2019) ................. 1

*United States v. Hicks*,
   389 F.3d 514 (5th Cir. 2004) .................................................................................................... 2

Plaintiff Estech Systems IP, LLC ("Estech") moves to exclude certain opinions and proffered testimony from Defendants Conduent Business Services, LLC, Conduent Business Process Optimization Services, Inc., Conduent BPO Services, LLC, Conduent Legal & Compliance Solutions, LLC (collectively, "Conduent"), and Liberty Mutual Group, Inc.'s ("Liberty Mutual") (collectively, "Defendants") expert witness, Lauren R. Kindler.

## I. Introduction

Ms. Kindler's opinions on behalf of Defendants are based on information that was disclosed after the close of fact discovery. The undisclosed information goes to the heart of damages and should have been timely disclosed. Because the information was not properly disclosed during fact discovery, Ms. Kindler's opinions that rely on the late-disclosed information should be stricken. Further, Ms. Kindler's entire opinion and proposed testimony on behalf of Conduent is based on an incurable error in her calculation of the reasonable royalty. Ms. Kindler based her calculation on an erroneous hypothetical negotiation date of 2008, rather than the correct date, which was years earlier when infringement of the '699 Patent first began. Ms. Kindler's opinion on behalf of Conduent is therefore not relevant to the determination of a reasonable royalty, would not be helpful to the fact finder, and should be excluded in its entirety.

## II. Legal Standard

Under Federal Rule of Evidence 37, the Court can exclude untimely disclosed information. *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00651-JRG, 2019 U.S. Dist. LEXIS 65662, at *7-8 (E.D. Tex. Apr. 17, 2019). The Court considers four factors in determining whether to exclude such evidence: (1) the non-moving party's explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to the moving party in

allowing the evidence, and (4) the availability of a continuance. *Id*. at *8 (quoting *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009)).

"The proponent of expert testimony . . . has the burden of showing the testimony is reliable." *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004). "T]he correct determination of the hypothetical negotiation date is essential for properly assessing damages." *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 75 (Fed. Cir. 2012). If an expert's opinions rely upon the wrong hypothetical negotiation date, the Court may exclude the opinions in their entirety. *See Cassidian Communications, Inc. v. Microdata GIS et al.*, No. 2:12-cv-00162-JRG, 2013 U.S. Dist. LEXIS 200892, at *6-8 (E.D. Tex., Dec. 3, 2013) (J. Gilstrap) (excluding defendants' damages expert's opinion in its in entirety because he employed the wrong hypothetical negotiation date).

### III.     Argument

Ms. Kindler's expert opinions improperly rely on facts that were not disclosed during fact discovery. In her report on behalf of Liberty Mutual, Ms. Kindler relies on conversations with Liberty Mutual's 30(b)(6) witness, Timothy Maguire. Mr. Maguire purportedly provided information about the number of infringing VoIP lines that was not disclosed in response to Plaintiff's interrogatories, was not provided by Mr. Maguire at his deposition, and was the type of information that he swore under oath (just six days earlier) that Liberty Mutual did not have a way to determine. Liberty Mutual should not be permitted to evade its discovery obligations and then provide this information later to its expert. Because Liberty Mutual failed to provide the information about its number of infringing VoIP lines in fact discovery, Ms. Kindler's opinions relying on such information should be excluded.

In her expert report on behalf of Conduent, Ms. Kindler relies on a hypothetical date of negotiation that is based on facts that Conduent improperly waited to disclose until the day that

2

Ms. Kindler served her expert report—more than a month after the fact discovery deadline and nearly three weeks after Plaintiff's damages expert served his report. Accordingly, Ms. Kindler's opinions that rely on the late-disclosed information should be excluded. Further, Ms. Kindler relies on an inaccurate date for the hypothetical negotiation. This is fatal to her opinions, which must be excluded entirely as a result.

> **A. Ms. Kindler's opinions on behalf of Liberty Mutual should be excluded because they rely on facts disclosed after the close of fact discovery.**

Ms. Kindler's expert opinion on the number of infringing VoIP lines is based exclusively on a discussion with Mr. Maguire. But when Mr. Maguire was deposed, he was unable to provide the number of infringing lines. Liberty Mutual cannot refuse to provide this information at its deposition so that it can be cross-examined, only to supposedly provide the requested information to its retained expert for use as a basis to reduce the damages calculation.

> **1. Ms. Kindler's opinion on the number of infringing VoIP lines is based on "a discussion with Mr. Maguire," Liberty Mutual's 30(b)(6) witness.**

Ms. Kindler's entire opinion about the number of infringing lines is based on "a discussion with Mr. Maguire." Throughout her report, Ms. Kindler states that her opinion on the number of infringing VoIP lines is based on "a discussion with Mr. Maguire:"

> 32. Mr. Blok claimed that Liberty Mutual had at least ▇▇▇ infringing VoIP lines as of December 2022.⁶² However, I understand from a discussion with Mr. Maguire that this is not the correct number of allegedly infringing lines because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (which I understand is required by the '699 Patent) and/or desktop VoIP phones ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (which I understand is required by the '684 Patent).

3



Ex. 1, Kindler Liberty Mutual Report at ¶ 32, fn. 63, 64.



*Id*. at ¶ 76.



*Id*. at ¶ 77.

Many of Ms. Kindler's criticisms of the opinions of Plaintiff's damages expert, Mr. Blok, about the number of infringing lines are entirely based on Mr. Blok not accounting for the information that Ms. Kindler was provided from her previously undisclosed "discussion with Mr. Maguire." But Mr. Blok was not privy to that discussion, Mr. Maguire did not provide the information at his deposition (which was taken after Mr. Blok's initial report due to Liberty Mutual's refusal to provide a witness during the fact discovery period) under oath while being

questioned by Plaintiff's counsel, and the information was not provided in response to Estech's interrogatories.

### 2. Liberty Mutual failed to provide the late-disclosed information about the number of infringing lines during fact discovery.

Though Mr. Maguire was apparently able to provide Ms. Kindler with information about which Liberty Mutual VoIP lines used voicemail and which of its phones were in passthrough configuration, Liberty Mutual was unwilling or unable to provide this information in fact discovery in response to Plaintiff's interrogatories and at its 30(b)(6) deposition featuring Mr. Maguire. Plaintiff's Interrogatory No. 4 specifically required, in part, that Liberty Mutual describe its VoIP telephony devices during the Relevant Time Period, including the number of each device, and the VoIP functionality (such as voicemail) that was used with each device. *See* Ex. 2, Liberty Mutual's Third Supplemental Answers to Estech's First Set of Interrogatories (Nos. 1-14) at 10-11. In response, Liberty Mutual identified a spreadsheet with ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.* at 12. Nowhere in its interrogatory answer did Liberty Mutual swear that ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ as Mr. Maguire supposedly discussed with Ms. Kindler promptly after the deposition.

At the deposition, Mr. Maguire failed to provide requested information about Liberty Mutual's phones and their features like Liberty Mutual's use of voicemail. He was unable to answer the simple question of when Liberty Mutual first started using voicemail with VoIP. *See* Ex. 3, M. Maguire Dep. Tr. at 14:5-15:15 (does not know when Liberty Mutual first implemented voicemail in its VoIP system). When asked about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ that Mr. Blok relied on for the number of infringing lines (▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇), Mr. Maguire testified that ▇

5



Ex. 3 at 68:18-69:2.  When asked whether Liberty Mutual used the Avaya platform to provide voicemail to its softphones, Liberty Mutual responded that ▮▮▮▮▮ *Id.* at 40:14-25.  Mr. Maguire provided no testimony or indication that ▮▮▮▮▮

But it appears that sometime during the six days between its deposition and Ms. Kindler's report, Liberty Mutual was ▮▮▮▮▮ That seems extraordinary when, during the same week, Mr. Maguire testified that ▮▮▮▮▮

6

Ms. Kindler's expert opinions based on her private discussion with Mr. Maguire based on information that Liberty Mutual did not provide in fact discovery should be stricken. This undisclosed information goes to the heart of Plaintiff's damages calculation, and prejudices Plaintiff. A continuance at this late stage is not appropriate when Liberty Mutual had every opportunity to provide this information in fact discovery but chose to withhold and spring it on Estech through its expert. Accordingly, Estech respectfully requests that Ms. Kindler's opinions that rely on "a discussion with Mr. Maguire" be excluded.

### B. Ms. Kindler's opinions on behalf of Conduent should be excluded because they rely on facts disclosed after the close of fact discovery, and her hypothetical negotiation date is wrong.

Ms. Kindler's opinions should be excluded because they are based on information that was disclosed after the close of fact discovery, and an inaccurate hypothetical date of negotiation. The erroneous hypothetical date of negotiation in Ms. Kindler's report is based on information disclosed a month after the fact discovery deadline, in a supplemental answer to Estech's interrogatories. *See* Ex. 4, Kindler Conduent Report at 45, citing to Conduent's Third Supplemental Responses to Estech's First Set of Interrogatories (Nos. 1-14), pp. 9 and 22. Further, because Ms. Kindler relied on the wrong hypothetical negotiation date and "employed a fundamentally flawed methodology in calculating reasonable royalty," her opinion should be excluded in its entirety. *Cassidian*, 2013 U.S. Dist. LEXIS 200892, at *6-8 (excluding defendants' damages expert's opinion in its in entirety because he employed the wrong hypothetical negotiation date).

#### 1. Ms. Kindler's opinions relying on information disclosed after the close of fact discovery should be excluded.

Ms. Kindler's opinions improperly rely on information that was not disclosed until a month after the fact discovery deadline. Specifically, she relies on Conduent's Third Supplemental

7

Responses to Estech's First Set of Interrogatories (Nos. 1-14), which was served on January 23, 2023—the same day as Ms. Kindler's expert report—a month after the close of fact discovery, and nearly three weeks after Plaintiff's damages expert report. Ex. 4, Kindler Conduent Report at 45. In its late supplement, Conduent states ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 5, Conduent's Third Supplemental Responses to Estech's First Set of Interrogatories (Nos. 1-14) at. 9 and 22.

That ▮▮▮ date was not disclosed before the fact discovery deadline and contradicts documents that Conduent did ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. 6, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[1], ▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 7, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Because the ▮▮▮ date was disclosed after the close of fact discovery and contradicts documentary evidence produced before the close of fact discovery, Ms. Kindler's opinions that rely on that date should be stricken.

Ms. Kindler's expert opinions based on the late-disclosed date should be stricken. This undisclosed information goes to the heart of Plaintiff's damages calculation, and prejudices Plaintiff. Plaintiff relied on the documentary agreements produced before the fact discovery deadline. A continuance at this late stage is not appropriate when Conduent had the opportunity to provide this information in fact discovery but chose to withhold it and only provided it on the day Ms. Kindler's report was served—a month after fact discovery closed and weeks after

---

[1] Affiliated Computer Services was the antecedent to Conduent. *See* Ex. 4, Kindler Conduent Report at 4.

Plaintiff's expert report was served. Accordingly, Estech respectfully submits that Ms. Kindler's opinions that rely on the ▮ date be excluded.

> **2. Ms. Kindler's opinion in its entirety should be excluded because it relies on an erroneous hypothetical negotiation date to calculate a reasonable royalty.**

Ms. Kindler expert report calculates a reasonable royalty using the wrong hypothetical negotiation date. The erroneous date is not only based on information that was not produced until a month after fact discovery closed and cannot be relied on for that reason alone, but it also is contrary to documentary evidence that was produced by Conduent during fact discovery. Estech therefore respectfully requests that Ms. Kindler's opinion be excluded in its entirety. *See Cassidian*, 2013 U.S. Dist. LEXIS 200892, at *6-8.

An appropriate reasonable royalty is commonly determined by the hypothetical negotiation, or "willing licensor-willing licensee" model. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir.). The hypothetical negotiation "attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement began" with the assumption that the patent is valid, enforceable, and infringed. *Id*. "In general, the date of the hypothetical negotiation is the date that the infringement began." *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 75 (Fed. Cir. 2012). "[T]he correct determination of the hypothetical negotiation date is essential for properly assessing damages." *Id.* (internal citations and quotations omitted).

Ms. Kindler's use of the ▮ date is contrary to the established facts in this case. The '699 Patent issued on October 17, 2006. *See* Dkt. 1-3, Ex. C to Original Complaint, U.S. Patent No. 7,123,699. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 6, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9

███ *See* Ex. 7, ███ ███ Ms. Kindler therefore should have set the hypothetical negotiation in 2006 when the patent issued and the first infringement occurred. But Ms. Kindler ignored these facts. She instead used a hypothetical negotiation date in ███ after the first date of infringement. This is fatal to her opinions.

Rather than focus on the date of actual <u>first</u> infringement, Ms. Kindler erroneously moved the hypothetical negotiations ███ because purportedly ███ ███ Ex. 4, Kindler Conduent Report at 45. As the source of that statement, Ms. Kindler cites Conduent's late-disclosed supplement (which as discussed above is impermissible due to its untimeliness), but the supplement does not support her reliance. The supplement states ███ ███ Ex. 5, Conduent's Third Supplemental Responses at 9 (emphasis added). The supplement thus provides that the date of ███ as borne out by the documentary evidence, which lends no support to Ms. Kindler's assertion that ███.

It is well-established that hypothetical negotiations must take place at the start of infringement. *Laser Dynamics,* 694 F.3d at 75. Here, that date occurred in 2006. Accordingly, Ms. Kindler's hypothetical negotiation date is wrong as a matter of law. Ms. Kindler's reliance on an incorrect hypothetical negotiation disqualifies her entire analysis. As the Federal Circuit has held, the correct determination of the hypothetical negotiation date is essential for properly assessing damages. In similar circumstances addressing an incorrect negotiation date of

---

[2] The supplement also does not limit ███ to Avaya phones as Ms. Kindler's report does.

Case 2:21-cv-00482-JRG-RSP   Document 237   Filed 02/21/23   Page 14 of 16 PageID #: 5978

**PUBLIC VERSION**

approximately two years, Judge Gilstrap ruled that because the expert used the wrong hypothetical negotiation date to calculate the reasonable royalty, the expert damages report was "fatally flawed," and excluded it in its entirety. *Cassidian*, 2013 U.S. Dist. LEXIS 200892, at *6-8. Estech respectfully requests that the Court reach the same conclusion here and exclude Ms. Kindler's opinion in its entirely.

## IV. Conclusion

Given the foregoing, Plaintiff respectfully requests that the Court exclude the aforementioned portions of Ms. Kindler's opinions and proffered testimony from trial.

Dated: February 13, 2023                                         Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
WILLIAMS SIMONS & LANDIS PLLC
The Littlefield Building
601 Congress Ave., Suite 600
Austin, Texas 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103

**PUBLIC VERSION**

Tel: 512-543-1373
johnw@wsltrial.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 13, 2023 the undersigned caused a copy of the foregoing document to be served on all counsel of record via email, pursuant to the Federal Rules of Civil Procedure.

*/s/ Fred I. Williams*
Fred I. Williams

## CERTIFICATE OF CONFERENCE

I certify that on February 13, 2023, Plaintiff's counsel, Lea N. Brigtsen, and Defendants' counsel, William McCabe and David Pekarek Krohn, met and conferred by telephone regarding this motion. Counsel for Defendants indicated that they oppose the relief sought in this motion.

*/s/ Fred I. Williams*
Fred I. Williams

## CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL

I hereby certify that the foregoing motion contains information and documents designated as CONFIDENTIAL and/or RESTRICTED – ATTORNEYS' EYES ONLY under the Protective Order in this case.

*/s/ Fred I. Williams*
Fred I. Williams