IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ESTECH SYSTEMS IP, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:21-cv-00482-JRG-RSP |
| CARVANA LLC, | § § § | (Lead Case) |
| Defendant. | § § | |

**MEMORANDUM ORDER**

Before the Court is Defendants'[1] Motion for Leave to Serve First Supplemental Invalidity Contentions. **Dkt. No. 178**. For the following reasons, the Court **DENIES** the motion.

**I.    BACKGROUND**

On December 31, 2021, Plaintiff Estech Systems IP, LLC filed suit for patent infringement of U.S. Patent Nos. 8,391,298 (the "'298 Patent"), 7,068,684 (the "'684 Patent"), 7,123,699 (the "'699 Patent"), 6,067,349 (the "'349 Patent") against Defendant Carvana LLC and multiple other defendants that have been consolidated into this case.[2] Following proceedings before the Patent Trial and Appeals Board, the current patents-in-suit include the '684 Patent, and the '699 Patent (together, "Asserted Patents").[3] The Asserted Patents generally relate to information processing systems, and in particular, the use of voice over internet protocol (VoIP) technology to transmit voice conversations.

---

[1] Defendants Conduent Business Services, LLC, Conduent Business Process Optimization Services, Inc., Conduent BPO Services, LLC, and Conduent Legal & Compliance Solutions, LLC (collectively, "Conduent"), Liberty Mutual Group, Inc. ("Liberty"), and Public Storage (altogether, "Defendants").
[2] Dkt. No. 1; *see e.g.*, Case No. 2:21-cv-00475 (against Liberty Mutual Group, Inc.), Case No. 2:21-cv-00478 (against Conduent), Case No. 2:21-cv-00483 (against Public Storage), Case No. 2:22-cv-00006 (against 99 Cents Only Stores, LLC and 99 Cents Only Stores Texas, Inc. (collectively, "99 Cents Only Stores")).
[3] *See* Dkt. No. 132.

1

The following dates and events pertain to the motion before the Court:

- **May 4, 2022:** Estech produced four documents to Defendants that describe the Estech Systems, Inc. IP Feature Phone—the product that Defendants now seek to add to their invalidity contentions by the motion before the Court;
- **June 29, 2022:** Defendants served their invalidity contentions in accordance with the deadline in the original Docket Control Order (Dkt. No. 49 at 4);
- **December 21, 2022:** Fact discovery closed as set forth in the First Amended Docket Control Order (Dkt. No. 100 at 3);
- **January 5, 2023:** Defendants served their invalidity report in accordance with the opening expert report deadline in the First Amended Docket Control Order (Dkt. No. 100 at 3); and
- **January 11, 2023:** Defendants filed the Motion for Leave to Serve First Supplemental Invalidity Contentions.

Through their motion, Defendants seek to amend their invalidity contentions to expressly identify one Estech product—the IP Series Feature Phone IP 200/IP 40 (the "Disputed Product")—for the '699 Patent at issue in this case.[4]

## II.     LAW

Under the Local Patent Rules for the Eastern District of Texas, a party's invalidity contentions are final, subject to a few exceptions. P.R. 3-6(a). The most relevant exception is that amendment to a party's invalidity contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). The Federal Circuit has approved district courts requiring "a showing of diligence" to establish "good cause" in this context. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (agreeing with the Northern District of California that a showing of "good cause" to amend contentions under N.D. Cal.'s local patent rules requires a showing of diligence.).

Courts routinely consider four factors to determine whether good cause has been shown: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the

---
[4] Dkt. No. 178 at 2.

Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

### III.   ANALYSIS

The question is whether Defendants have established good cause to amend their invalidity contentions. The Court holds that they have not.

The first factor is the explanation for Defendants' failure to meet the deadline to amend its invalidity contentions. Estech produced the four documents on May 4, 2022 that describe the Disputed Product. Defendants requested to amend their invalidity contentions and add the Disputed Product on January 11, 2023. Defendants assert they were diligent in sifting through nearly 19,000 documents that Estech produced throughout the summer of 2022, but they did not discover the documentation as to the Disputed Product until preparing invalidity reports.[5] Defendants had more than eight months to identify the Disputed Product that Defendants now seek to add to their invalidity contentions. The only explanation is that they did not devote the resources necessary to review the discovery on a timely basis. While the lack of diligence alone is sufficient to deny Defendants' motion, the Court nevertheless addresses the remaining factors, which point to the same result.

As for the second factor—the importance of Defendants' amended invalidity contentions—Defendants assert that "the IP Feature phone is an important piece of prior art because it makes explicit what was heretofore only implicit in the IVX 128."[6] Yet, Defendants concede that "the only relevant difference between the Estech product already identified [in their

---

[5] Dkt. No. 178 at 5.
[6] Dkt. No. 178 at 6.

invalidity contentions] and the one Defendants seek to add is how voice audio is transmitted between phones—with the IP Series Feature phone using VoIP."[7] Defendants' own statements demonstrate the low importance of the requested amendment.

The third factor—the potential prejudice if the Court allows Defendants to amend their invalidity contentions—also supports denying Defendants' request. As of the time Defendants filed the motion, opening expert reports had already been completed and served as of January 5, 2023. Defendants, in an attempt to downplay the prejudice to Estech, contend that the only impact to judicial proceedings would be requiring Estech to respond to the IP Series Phone in its responsive expert report in a manner "that would presumably track whatever response is necessitated by Defendants' reliance on the IVX 128 product."[8] Estech responds that it has already provided expert opinions on a newly proffered invalidity ground at additional expense and it should not be forced to do so again.[9] The Court agrees with Estech.

The fourth factor—the availability of a continuance to cure such prejudice—minimally affects the Court's decision because Estech asserts that a continuance is neither available nor warranted.[10]

## IV. CONCLUSION

For the reasons above, the Court **DENIES** Defendants' Motion for Leave to Serve First Supplemental Invalidity Contentions.

**SIGNED this 27th day of February, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[7] Dkt. No. 178 at 2.
[8] Dkt. No. 178 at 5.
[9] Dkt. No. 195 at 10.
[10] Dkt. No. 195 at 10.