IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ESTECH SYSTEMS IP, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-00482-JRG-RSP |
| CARVANA LLC, | § § § | (LEAD CASE) |
| *Defendant*. | § § | |

## MEMORANDUM ORDER

Before the Court is Defendant Public Storage's Motion for Leave to Serve Supplemental Expert Report of Douglas Kidder. **Dkt. No. 412**. For the following reasons, the Court **DENIES** the motion.

### I.   BACKGROUND

On December 31, 2021, Plaintiff Estech Systems IP, LLC filed suit for patent infringement of U.S. Patent Nos. 8,391,298 (the "'298 Patent"), 7,068,684 (the "'684 Patent"), 7,123,699 (the "'699 Patent"), 6,067,349 (the "'349 Patent") against Defendant Carvana LLC and multiple other defendants which were consolidated into this case.[1] Patents, parties, and claims have dropped out of this case. Now, Estech only asserts claim 1 of the '699 Patent ("Asserted Patent") against Public Storage as the sole remaining defendant. *See* Joint Pretrial Order, Dkt. No. 333 at 3; *see also* Joint Motions to Stay, Dkt. Nos. 405, 406. The '699 Patent generally relates to information processing systems, and in particular, the use of voice over internet protocol (VoIP) technology to transmit voice conversations.

---

[1] *See* Complaint, Dkt. No. 1; *see e.g.*, Case No. 2:21-cv-00475 (against Liberty Mutual Group, Inc.), Case No. 2:21-cv-00478 (against Conduent), Case No. 2:21-cv-00483 (against Public Storage), Case No. 2:22-cv-00006 (against 99 Cents Only Stores, LLC and 99 Cents Only Stores Texas, Inc. (collectively, "99 Cents Only Stores").

Public Storage seeks leave to serve a supplemental report of its damages expert, Mr. Kidder, that takes into account settlement agreements between Estech and other parties that have become available since Estech's damages expert, Mr. Blok, was deposed in this case. In particular, the agreements contain the number of VoIP lines and amounts paid by other parties for a license to the Asserted Patent.

## II.　LAW

A party must disclose the opinions of its experts "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). "Courts may provide leave to supplement an expert's report after the deadline in the scheduling order for 'good cause.'" *Biscotti Inc. v. Microsoft Corp.*, Case No. 2:13-cv-01015-JRG-RDP, 2017 U.S. Dist. LEXIS 94016, at *2 (E.D. Tex. May 25, 2017) (citing FED. R. CIV. P. 16(b) (4)). The Federal Circuit has approved district courts requiring "a showing of diligence" to establish "good cause." *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts routinely consider four factors to determine whether good cause has been shown: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015).

## III.　ANALYSIS

Public Storage has failed to show it was diligent during the relevant time, so it has failed to establish good cause to supplement Mr. Kidder's report. The first factor is the explanation for Public Storage's failure to meet the deadline. Public Storage served Mr. Kidder's rebuttal

2

damages report on January 23, 2023 as required by the Court's deadline. Docket Control Order, Dkt. No. 100 at 3. Estech produced this information on April 9, 2023. Reply, Dkt. No. 425 at 2. At the April 10, 2023 pretrial conference, Conduent and Liberty Mutual sought and were granted leave to supplement their expert reports, which they did on April 14, 2023. Response, Dkt. No. 424 at 3. Public Storage waited until May 1, 2023, three weeks after the pretrial conference, to send an email raising the issue of supplementing Mr. Kidder's damages report. Reply, Dkt. No. 425 at 3. While the Court appreciates Public Storage's efforts following its initial May 1 email to comply with the Court's meet and confer requirement, Public Storage fails to adequately why it waited from Estech's April 9 disclosure until its May 1 email to raise the issue. Rather than explain its efforts during the three-week gap, Public Storage attempts to reduce the significance of its delay and instead shifts the focus to Estech's deficiencies throughout this case. *See* Reply, Dkt. No. 425 at 2–4. Since Public Storage has failed to establish it was diligent, the Court need not address the remaining factors, which do not otherwise change the result.

### IV.   CONCLUSION

For the reasons above, the Court **DENIES** Public Storage's Motion for Leave to Serve Supplemental Expert Report of Douglas Kidder.

**SIGNED this 20th day of June, 2023.**

---
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE